UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIUS K. DODSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) CAUSE NO. 3:11-CV-391 RM |
| vs. | ) |
| | ) |
| MARK LEVENHAGEN, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Darius K. Dodson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under 28 U.S.C. § 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and

a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Dodson alleges that he was subjected to excessive force on October 29, 2010, at Westville Correctional Facility ("Westville"), when several officers executed a "cell extraction" to remove him from his cell. (DE 1 at 3.) He alleges that the events began when Officer Henman sprayed him several times with a chemical agent from outside his cell, causing him respiratory distress due to his asthma. Officers W. Box, Cassin, Cullier, Sumner, and an unnamed officer then entered his cell. Mr. Dodson claims that Officer Box "immediately began swinging closed fists about my head and facial area," and that Officer Cassin began striking him "in a malicious and violent manner," even though he wasn't resisting. (Id.) He alleges that the officers then threw him onto a metal bunk. (Id.) He says he tried several times to put his hands behind his back so that he could "cuff up," but Officers Box and Cassin kept punching him in the face and head, preventing him from doing so. (Id.) He alleges that Officer Box then "rammed my head straight down into the metal bunk causing my nose to break and my right eye to split open." (Id.) Ultimately Mr. Dodson was shackled, and he alleges that the restraints were put on so tightly that they "dug and cut through my flesh on both my wrists and ankles caus[ing] permanent nerve damage and scars w[ith] extreme pain." (Id.)

The "core requirement" for an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890

2

(7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id.

Giving the complaint liberal construction, Mr. Dodson alleges that the cell extraction was unnecessary to begin with and that the officers used more force than was necessary to remove him from his cell. Specifically, he alleges that Officer Henman unnecessarily sprayed him with a chemical agent; that Officers Box and Cassin beat him in the face and head when he was trying to submit to restraints; and that Officers Cullier and Sumner placed the restraints on him so tightly that they cut into his skin and caused permanent nerve damage. He further alleges that as a result of this incident he suffered serious injuries including a broken nose, a gash on his right eye, a back injury necessitating steroid injections, and psychological trauma. (Id. at 4.) Further factual development might show that Mr. Dodson was resisting or that the officers' actions were otherwise reasonable under the circumstances, but at this stage the court must accept Mr. Dodson's allegations as true. He has alleged enough to proceed further against Officers Henman, Box, Cassin, Cullier, and Sumner.

As for Officer John Doe, who allegedly assisted the other officers in shackling him, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15 . . . nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If at some point in the future Mr. Dodson can identify this defendant, he can

3

attempt to amend his complaint at that time. For now, this unidentified defendant will be dismissed.

In addition to the officers already discussed, Mr. Dodson seeks to sue a host of other defendants. First he sues Officer Gloretta Clark, whose job was to videotape the cell extraction and the medical treatment he received afterwards. (DE 1 at 4.) He indicates that he views Officer Clark as "more of a witness for me." (Id.) He also names Officer M. Creasy, whose sole involvement was to "wr[i]te on a clipboard documenting times, events, etc." after the incident occurred. (Id.) He names other prison personnel to whom he complained after the cell extraction, including a grievance specialist, an internal affairs investigator, and Captain George Payne, who told Mr. Dodson that in his view the officers' actions were justified. (Id.) Mr. Dodson hasn't alleged a plausible excessive force claim against any of these defendants, so Officer Clark, Officer Creasy, T. Bean, Corey McKinney, and George Payne will be dismissed.

Mr. Dodson also names two supervisory officials at the prison, as well as the Commissioner of the Indiana Department of Correction. (DE 1 at 2.) Mr. Dodson appears to be trying to hold them liable in their capacity as officials who oversee operations at the prison. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, however, and "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Mr. Dodson does not allege, nor is there a plausible basis for inferring, that these officials were personally involved in the cell

4

extraction. Accordingly, Edwin Buss, Mark Levenhagen, and Gary Brennan will be dismissed as defendants.

Finally, Mr. Dodson names a nurse, Ms. Hammond, who treated his eye injury. (DE 1 at 4.) Specifically, he alleges that she "neglected to put stitches, or have Dr. on call put them into my eye and instead 'glued' the cut together which was medical malpractice because now I have a huge scar where my eye was opened up and not properly closed." (Id.)

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

To be liable for deliberate indifference, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Negligence, incompetence, or even medical malpractice don't constitute deliberate indifference. Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004); Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000).

Mr. Dodson hasn't alleged a plausible deliberate indifference claim against Ms. Hammond. He doesn't allege that she ignored him or unduly delayed in treating him. At most he describes a disagreement with Ms. Hammond over the proper course of treatment, but "mere dissatisfaction or disagreement with a [medical professional's] course of treatment" is not sufficient to state an Eighth Amendment claim. Johnson v. Doughty, 433 F.3d 1001, 1003 (7th Cir. 2006). There is no plausible basis in the complaint for inferring that Ms. Hammond deliberately chose an inadequate course of treatment so as to cause Mr. Dodson injury. Ms. Hammond will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim against Officers Henman, Box, Cullier, Cassin, and Sumner in their individual capacities for compensatory damages for using excessive force in executing a cell extraction in violation of his rights under the Eighth Amendment;

(2) DISMISSES Mark Levenhagen, George Payne, Corey McKinney, John Doe, T. Bean, Gloretta Clark, M. Creasy, Gary Brennan, Edwin Buss, and Ms. Hammond;

(3) DISMISSES all other claims;

(4) DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officers Henman, Box, Cullier, Cassin, and Sumner; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officers Henman, Box, Cullier, Cassin, and Sumner respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: November  21 , 2011.

          /s/ Robert L. Miller, Jr.
          Judge
          United States District Court

cc: D. Dodson