UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIUS K. DODSON, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:11-CV-391 RM |
| W. BOX, *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Darius K. Dodson, a *pro se* prisoner, is proceeding on a claim that four correctional officers at Westville Correctional Facility ("Westville") used excessive force against him during a cell extraction on October 29, 2010. (DE 5.) The defendants move for summary judgment on the ground that Mr. Dodson did not exhaust his administrative remedies before filing suit. (DE 23.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the

court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Id. at 1023.

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684. Thus, when prison staff prevent an inmate from using the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered to be "available." Id. In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

The undisputed facts in the summary judgment record show that Mr. Dodson has been housed at Westville since June 29, 2010. (DE 23-1, Bean Aff. ¶ 6.) In accordance with Indiana Department of Correction ("IDOC") policy, Westville has a grievance process under which an inmate can grieve a broad range of issues, including incidents involving the alleged use of excessive force. (Id. ¶¶ 7-8.) The process's first step requires the inmate to "attempt[] to resolve his complaint informally by contacting an appropriate staff member within five (5) working days of the incident complained." (Id. ¶ 9.) If the informal complaint isn't resolved in a satisfactory manner, the inmate can proceed to the formal grievance process. (Id. ¶ 10.) The formal grievance process involves two steps: the inmate must file a written grievance with the facility's executive assistant and, if dissatisfied with the response, an appeal to IDOC's grievance manager. (Id. ¶¶ 11-12.) A formal grievance must be filed within 20 business days of the event that is the subject of the grievance. (Id. ¶ 11.)

A record is kept of all grievances, and those records show that Mr. Dodson filed a grievance on December 20, 2010, complaining that he had been subjected to excessive force on October 29, 2010. (Id. ¶ 16; DE 23-2.) The grievance was rejected as untimely because it was filed outside the 20-day window. (DE 23-1, Bean Aff.¶¶ 17-18.) Based on these facts, the defendants argue that they are entitled to summary judgment. (DE 24, 35.)

Mr. Dodson doesn't dispute that his grievance was rejected as untimely, but he claims that the prison staff's actions prevented him from filing a timely grievance. (DE 32, 34.) He says that immediately after the cell extraction, he was placed in a "strip cell" for

3

more than two weeks, during which time he had nothing with him except "underwear, [a] blanket, and [a] mattress." (Id.) . (DE 34, Dodson Decl. ¶ 5.) He had no paper or pens, nor did he have access to the necessary grievance forms. (Id.) He says he tried to get an informal grievance form from his counselor through the institutional mail, but couldn't obtain one. (Id.)

Mr. Dodson was released from the strip cell on November 15, 2010, and claims he put in another request for the necessary form but didn't receive it until November 24, 2010. (Id.) He asserts that under the grievance rules he was required to wait ten business days for a response; after receiving no response he requested a formal grievance form on December 8, 2010. (Id. ¶ 9.) He asserts that he had to wait several more days for the necessary form, and as soon as he received it he completed it and put it in his outgoing mail bag on December 20, 2010. (Id.)

He further claims that he attached a slip of paper to his grievance explaining why it wasn't filed within the allotted 20 days. (Id. ¶ 10.) He requested that "if there was a problem to let me file a belated grievance . . . pursuant to DOC policy 00-02-301, Section XV." (Id.) He claims that when Mr. Bean rejected his grievance as untimely, there was no mention of his request. (Id.) He asserts that he wanted to appeal Mr. Bean's decision, but neither Mr. Bean nor his counselor would provide him with the necessary form, so he had no further remedies. (Id. ¶ 11.) Under these circumstances, Mr. Dodson argues that he should be excused from failing to exhaust. (DE 34.)

In their reply, the defendants don't dispute Mr. Dodson's assertions. (DE 35.) Nor do they submit a complete copy of the grievance policy for this court to determine whether Mr. Dodson was required to obtain a form to make an informal grievance request, or whether he had to wait ten business days for a response before he could proceed to the next step, as he asserts. Instead, the defendants argue that even if Mr. Dodson wasn't given the appropriate forms until after the 20 days expired, he should have sought leave to file an untimely grievance.[1] (DE 35 at 3-4.) The defendants point to a portion of the grievance policy requiring such a request to be made "on the grievance form or an extra sheet of paper submitted with that form." (DE 35 at 4; DE 35-2.) They argue that Mr. Dodson didn't comply with this requirement because there is nothing on his grievance form explaining why it was untimely or requesting leave to be excused from the deadline. (DE 35 at 3-4.) As already stated, Mr. Dodson asserts that he made this request on a separate piece of paper submitted along with his grievance. (DE 34, Dodson Decl. ¶ 10.) The defendants don't dispute that Mr. Dodson took this step, which comports with the grievance policy they have submitted. (*See* DE 35-2.)

While not disputing Mr. Dodson's own assertions, the defendants take issue with a declaration he submitted from a fellow inmate which they claim is so rife with problems that it should be stricken in its entirety. (DE 35 at 1-3; *see also* DE 34, Smith Decl.) The court agrees that portions of this declaration are improper because they contain legal argument

---

[1] The grievance policy states that "an offender who does not follow the time limits . . . should expect to have his grievance or appeal denied for that reason unless he or she is able to show good cause." (DE 35-2 at 2.) The excerpt of the policy provided does not define good cause or otherwise explain the circumstances under which an extension will be granted. (*See id.*)

or conclusory allegations rather than factual assertions. (Id. ¶¶ 9-10.) Still, other parts of the declaration are based on the inmate's personal experience with the grievance process at Westville, including his assertion that grievance forms can only be obtained from a counselor through a request made by institutional mail; that inmates aren't allowed to write grievances on their own paper; that the institutional mail system only runs on Mondays through Fridays, excluding holidays; and that inmates in strip cells aren't allowed to have pens, papers (including grievance forms), or any other personal property. (DE 34, Smith Decl. ¶¶ 3-8.) There is nothing inherently implausible or otherwise improper about these assertions. *See* Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003) (affidavit submitted in response to motion for summary judgment is proper if it is based on personal knowledge, which may include reasonable inferences, as long as those inferences are grounded in observation or other first-hand personal experience).

Even if the court were to strike the declaration in its entirety as the defendants request, summary judgment would not be appropriate. Mr. Dodson makes undisputed assertions that he repeatedly requested the necessary forms to initiate the grievance process and prison staff dragged their feet each step of the way, making it impossible for him to comply with the 20-day deadline. (DE 34, Dodson Decl. ¶¶ 6-9.) He further attests that he made a proper request to file a belated grievance, but his grievance was nevertheless rejected as untimely without any explanation or acknowledgment of his request. (Id. ¶ 10.)

The defendants carry the burden of proving that they are entitled to summary judgment on exhaustion grounds, and based on the record they have failed to do so. *See*

Dole v. Chandler, 438 F.3d at 809. Under the facts Mr. Dodson sets forth, the grievance process was not "available" to Mr. Dodson and he can't be faulted for failing to file a timely grievance. Kaba v. Stepp, 458 F.3d at 684-85 (summary judgment was not appropriate when the plaintiff submitted evidence that he was denied forms and intimidated into not pursuing a formal grievance); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (reversing summary judgment where the plaintiff submitted evidence that he was not given the proper forms needed to exhaust). Accordingly, the court will deny the motion for summary judgment.

    For these reasons, the motion for summary judgment (DE 23) is DENIED.

    SO ORDERED.

    ENTERED: July  9 , 2012.                  /s/ Robert L. Miller, Jr.  
                                                                       Judge  
                                                                       United States District Court

cc: D. Dodson  
    C. Gilchrist/T. Renfro, Jr.